UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM BUENBRAZO,<br><br>          Plaintiff,<br><br>     v.<br><br>OCEAN ALASKA, LLC, a Washington corporation, and F/T OCEAN ALASKA, her tackle, gear, furniture, apparel and equipment,<br><br>          Defendants. | CASE NO. C06-1347-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for partial summary judgment (Dkt. No. 21) and Plaintiff's Response and cross motion to compel maintenance, cure, and unearned wages (Dkt. No. 26). Having considered the briefs and supporting documents, and finding oral argument unnecessary, the Court hereby rules as follows.

**I.     BACKGROUND**

The facts of this case were set forth in the Court's Order of February 28, 2007 (Dkt. No. 20), denying Plaintiff's motion to compel maintenance, cure and unearned wages, and therefore will not be repeated in detail here. In the intervening period, the parties have conducted further discovery, including a number of expert depositions regarding the nature and cause of Plaintiff's shoulder injury. Plaintiff suffered injury to his shoulder on two different occasions, first in April 2005 and then later in February

ORDER – 1

2006. The legal issues in the case hinge on which one of these occasions produced the Type II SLAP tear for which Plaintiff subsequently underwent surgery. Plaintiff contends that the injury occurred in or around April 2005, when a heavy roll of plastic fell on him while working aboard the Defendant vessel. (Pl.'s Resp. 3 (Dkt. No. 26).) Defendants dispute this theory of causation, and ask the Court to find, as a matter of law, that the injury did not occur in April 2005. (Defs.' Mot. 18 (Dkt. No. 21).)

## II. DISCUSSION

### A. Standard of Review

In its February 28, 2007 Order, the Court noted "an obvious tension" between the summary judgment standard and the canon of admiralty law providing that all doubts be resolved in favor of the seaman. (Order 5 (Dkt. No. 20).) The Court ultimately determined that "the summary judgment standard should be applied to a pre-trial motion to compel maintenance and cure." *Id*. at 6. Accordingly, that is the standard that governs here.

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that

ORDER – 2

material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

### B. Causation of Plaintiff's Type II SLAP Tear

Defendants ask the Court to find that as a matter of law, Plaintiff cannot link his Type II SLAP tear to the April 2005 incident. The primary basis of this assertion is deposition testimony by Dr. Joel Shapiro, Plaintiff's treating physician. Specifically, Dr. Shapiro stated that a Type II SLAP tear could be caused by an acute injury, such as dislocation of the shoulder joint. (Shapiro Dep. 7 (Dkt. No. 22 at 22).) When asked a hypothetical question about whether a dislocation could occur under the circumstances of the April 2005 incident Plaintiff describes, Dr. Shapiro replied that it was "conceivable" if the force were sufficient. *Id*. at 8. However, Dr. Shapiro also stated that there was "no way for [him] to know if [Plaintiff] had a partial or complete dislocation" without being present or viewing an x-ray. *Id*. at 8–9. From this testimony, Defendants claim that "no one can establish that a dislocation did indeed occur." (Defs.' Mot. 15 (Dkt. 21).) Furthermore, Defendants claim that Plaintiff's subsequent work history belies his claim that he suffered a Type II SLAP tear in April 2005, and that his description of the February 2006 incident is more consistent with a Type II SLAP tear. *Id*. at 15–16.

Plaintiff argues that the testimony of Dr. Shapiro, cited above, was in response to a hypothetical question posed by Defendants' counsel, and did not take into account Plaintiff's individual health history and self-report of symptoms. (Pl.'s Resp. 11–12 (Dkt. No. 26).) This is a significant distinction, Plaintiff asserts, because Dr. Shapiro's actual diagnosis was that, on a more probable than not basis, Plaintiff's Type II SLAP tear was caused by the direct trauma associated with the April 2005 accident. *Id*. at 13. Furthermore, Plaintiff maintains that Defendants' medical expert, Dr. Lance Brigham, offered speculative, inadmissible and conflicting assessments of the cause of Plaintiff's injury, *id*. at 13–18, and therefore the Court should essentially decide the causation issue in Plaintiff's favor as a matter of law, and thereby compel Defendants to pay maintenance, cure, and unearned wages. *Id*. at 18–19.

The Court disagrees that the depositions of Dr. Shapiro and Dr. Brigham obviate further factual

ORDER – 3

development, making the causation question amenable to resolution as a matter of law. That the parties have filed what amount to cross motions for partial summary judgment on this issue demonstrates a dispute of material fact. The question is whether it is already apparent that there is insufficient evidence for the Court to find in favor of one of the parties.

With regard to Defendants' motion, Dr. Shapiro's inability to diagnose a shoulder dislocation at deposition does not prove fatal to Plaintiff's theory of causation. First, the fact remains that Dr. Shapiro has asserted that the April 2005 incident, more likely than not, caused the Type II SLAP tear. (Pl.'s Resp. 3 (Dkt. No. 26).) Second, it is unclear to the Court at this time whether a finding that Plaintiff suffered a dislocation in April 2005 is a prerequisite for reaching the ultimate question of whether he suffered a Type II SLAP tear at the same time. Third, even assuming such a prerequisite exists, it is unclear whether Dr. Shapiro's deposition testimony, in response to a hypothetical and perhaps without the aid of all the relevant medical records, is the limit of what he could offer at trial. Finally, while the undisputed fact that Plaintiff continued to work after the April 2005 incident is probative as to the extent of his injury, this fact alone does not dispose of the question. Plaintiff has introduced evidence suggesting that he endured great discomfort in order to continue working. *Id*. at 4–6. This is consistent with Dr. Shapiro's statement that motivation and pain tolerance vary from person to person. (Shapiro Decl. 3 (Dkt. No. 27).) Accordingly, reasonable minds could differ on the significance of Plaintiff's continued ability to work. In sum, Defendants have not demonstrated that, with all inferences drawn in Plaintiff's favor, a reasonable fact finder could not find that the injury occurred in April 2005.

Plaintiff's request that the Court compel maintenance, cure and unearned wages amounts to a cross motion for summary judgment on the causation issue, and fares no better. As the Court stated in its prior Order, the viability of Plaintiff's claim turns on the "pivotal factual issue" of "whether Plaintiff was injured in 2005, while crew for the OCEAN ALASKA, or in 2006, while working to repair the docked vessel." (Order 7 (Dkt. No. 20).) Plaintiff's interpretation of the expert depositions taken since that Order

ORDER – 4

was issued notwithstanding, a genuine issue of material fact remains. In contradiction to Dr. Shapiro's testimony, Defendants' expert, Dr. Brigham, clearly states that in his professional opinion, the Type II SLAP tear did not occur in April 2005. (Brigham Decl. 2–3 (Dkt. No. 25).) This professional assessment and its underlying rationale are properly part of the fact finder's calculus. Plaintiff cites *McCarthy v. F/T SEAFREEZE ALASKA*, 2004 WL 3007093 (W.D. Wash. 2004) for the contrary proposition. However, Plaintiff overlooks a key distinction between that case and this one. There, the court explicitly found that there was "no evidence of any other causative event" for the injury. *Id*. at 2. Furthermore, it was undisputed that plaintiff was a "seaman" and in the ship's service at the time of her injury, and therefore no genuine issue of material fact remained as to defendants' liability for maintenance. *Id*. In this case there are competing theories about when the injury occurred, each of which connects to a separate causative event. Plaintiff's claim depends entirely on which event caused the Type II SLAP tear. Under these circumstances, the question of causation is one on which reasonable minds could differ and therefore not amenable to resolution by the Court on summary judgment.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment (Dkt. No. 21) is DENIED. Plaintiff's cross motion to compel maintenance, cure and unearned wages (Dkt. No. 26) is also DENIED.

SO ORDERED this 24th day of October, 2007.

_____

John C. Coughenour
United States District Judge

ORDER – 5